OPINION
{¶ 1} Defendant-appellant Michael Kapsouris appeals from his conviction in the Mahoning County Common Pleas Court of aggravated robbery, a violation of R.C. 2911.01, and felonious assault, a violation of R.C. 2903.11. The issue before this court is whether the trial court erred when it sentenced Kapsouris to consecutive sentences without making the required findings under the felony sentencing statute. For the reasons stated below, the judgment of the trial court is hereby reversed, Kapsouris' sentence is vacated and the case remanded for resentencing.
 STATEMENT OF THE CASE {¶ 2} Kapsouris' first appeal as of right was decided by this court on September 23, 2004. State v. Kapsouris, 7th Dist. No. 02CA230, 2004-Ohio-5119. After disposition of the initial appeal, Kapsouris filed an application for reopening pursuant to App.R. 26. The application raised four arguments as to why appellate counsel was ineffective. After reviewing the application, this court found that there was a genuine issue as to whether Kapsouris was deprived of the effective assistance of counsel on appeal regarding the consecutive sentencing issue. As such, we granted the reopening but limited it to issues concerning the consecutive sentence.
 {¶ 3} The facts in this case are identical to the facts in State v.Kapsouris, 7th Dist. No. 02CA230, 2004-Ohio-5119. Kapsouris was found guilty of aggravated robbery, a violation of 2911.01, and felonious assault, a violation of R.C. 2903.11. The trial court sentenced him to three years for felonious assault, a second-degree felony, and ten years for aggravated robbery, a first-degree felony. The trial court ordered the sentences to be served consecutively.
 ASSIGNMENT OF ERROR NUMBERS ONE AND TWO {¶ 4} "THE TRIAL COURT ERRED IN SENTENCING KAPSOURIS TO CONSECUTIVE PRISON TERMS, THEREBY DENYING HIM DUE PROCESS AS PROVIDED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION16, ARTICLE I OF THE OHIO CONSTITUTION. (SENTENCING T.P. 14; NOVEMBER 26, 2002 JUDGMENT ENTRY).
 {¶ 5} "MICHAEL KAPSOURIS RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BECAUSE APPELLATE COUNSEL FAILED TO RAISE REVERSIBLE ERRORS ON APPEAL. (SENTENCING T.P. 14; NOVEMBER 26, 2002 JUDGMENT ENTRY)."
 {¶ 6} Under both of these assignments of error, Kapsouris contends that the trial court did not follow the mandates of the felony sentencing statute when it imposed consecutive sentences.
 {¶ 7} The trial court sentenced Kapsouris to three years for the felonious assault conviction and ten years for the aggravated robbery conviction. The trial court then ordered the sentences to be served consecutive to each other.
 {¶ 8} Consecutive sentences are reserved for the worst offense and for the worst offenders. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 21, citing State v. Boland, 147 Ohio App.3d 151, 162, 2002-Ohio-1163. R.C. 2929.12(E)(4) provides requirements for the imposition of consecutive sentences when an offender is convicted of multiple offenses. This statute provides three prongs that must be met. Furthermore, in making the consecutive sentence finding, the court must also state its reasons at the sentencing hearing for imposing the consecutive sentences. Comer, 99 Ohio St.3d 463; R.C. 2929.19(B)(2)(c).
 {¶ 9} Pursuant to R.C. 2929.14(E)(4), in imposing consecutive sentences, the trial court must first find that consecutive sentences are necessary to protect the public from future crimes or that consecutive sentences are necessary to punish the offender. R.C. 2929.14(E)(4). Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4). Lastly, the trial court must find that R.C. 2929.14(E)(4)(a), (b), or (c) applies.
 {¶ 10} Subsections (a), (b), and (c) of R.C. 2929.14(E)(4) states:
 {¶ 11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} The following is the dialog the trial court had concerning sentencing:
 {¶ 15} "Okay. Thank you. The Court's considered the record, oral statements, any victim's impact statement, as well as the principles and purposes of sentencing under 2929.11 and 2929.12 dealing with recidivism and balancing seriousness.
 {¶ 16} "The Court finds that the defendant was found guilty of aggravated robbery, a violation of section 2911.01(A)(3)(C), a felony of the first degree, and felonious assault, a violation of 2903.11(A)(2)(D), a felony of the second degree.
 {¶ 17} "Court finds pursuant to 2929.14(B) that the shortest prison term possible would demean the seriousness of this offense. It will not adequately protect the public, and therefore imposes a greater term. The Court finds the defendant has committed the worst form of the offense and poses the greatest likelihood of recidivism.
 {¶ 18} "It is hereby ordered that the defendant serve a term of 10 years in prison for aggravated robbery and 3 years in prison for felonious assault for a total of 13 years in prison. These sentences are ordered to be served consecutive to one another. Defendant's been given his notice under 2929.19(B)(3) and his appellate rights under 2953.08." (Sentencing Tr. 13-14).
 {¶ 19} The above statements do not satisfy the requirements in R.C.2929.14(E). The trial court did not make any of the required findings for the imposition of consecutive sentences at the sentencing hearing. Furthermore, the trial court failed to articulate reasons supporting the imposition of consecutive sentences.
 {¶ 20} We do acknowledge that the trial court considered the purposes and principles of the felony sentencing statute, and did find that Kapsouris committed the worst form of the offense and posed the greatest likelihood of recidivism; however, these statements are not equivalent to the findings required by R.C. 2929.14(E). That said, while this court does not require the use of the talismanic words when imposing sentences in accordance with the felony sentencing statutes, it is probably safest for the trial court's words to specifically track the wording of the statute. State v. Morton, 147 Ohio App.3d 43, 2002-Ohio-813, ¶108-109.
 {¶ 21} Hence, for all of the above stated reasons, Kapsouris' sentence must be vacated and the case remanded for resentencing. Upon remand, if the trial court imposes consecutive sentences, it must make the appropriate findings and align reasons to those findings. Comer,99 Ohio St.3d 463. Furthermore, while we have found no error with the trial court's imposition of the maximum sentence for the aggravated robbery conviction, at the new sentencing hearing the trial court must still make the maximum sentence findings and provide reasons supporting those findings on the record. State v. Gist, 7th Dist. No. 03CO10,2003-Ohio-7018.
 {¶ 22} The trial court's judgment is hereby reversed, the sentence is vacated and the cause is remanded for resentencing.
Donofrio, P.J., concurs.
Waite, J., concurs.