DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from Washington County Common Pleas Court judgments of conviction and sentence. A jury found Geoffrey A. Davis, defendant below and appellant herein, guilty of felonious assault in violation of R.C. 2903.11(A)(1), and abduction in violation of R.C. 2905.02(A)(2).
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY SENTENCING MR. DAVIS TO A NON-MINIMUM PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. DAVIS."
SECOND ASSIGNMENT OF ERROR:
"IN VIOLATION OF DUE PROCESS, THE GUILTY VERDICT ON THE FELONIOUS ASSAULT CHARGE WAS ENTERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} Appellant and Denise Fought met in November 2001 and soon began living together. Later they moved into appellant's mother's rented mobile home.
 {¶ 4} On the morning of August 26, 2004, Fought phoned her mother, Evelyn Schupp. Fought asked Schupp to come get her because appellant "beat the hell out of [her]" the night before. Schupp and another daughter, Maureen Van Skiver, picked up Fought, stopped at a post office to put a hold on Fought's mail, and took Fought to St. Joseph's Hospital in Parkersburg, West Virginia. Fought remained hospitalized for four days.
 {¶ 5} The Washington County Grand Jury returned an indictment charging appellant with felonious assault and abduction. Appellant pled not guilty and the court conducted a jury trial in May and June 2005.
 {¶ 6} At trial, Fought testified that she and appellant lit a fire to burn cabinets that had been removed from the mobile home because of insect infestation. As they watched the cabinets burn, they began to argue. Appellant returned to the mobile home and Fought gave him a few minutes to "cool down" before she went inside. Appellant, after exchanging words about what to watch on the television, "backhanded" Fought. When Fought went to the bathroom to spit out blood, appellant followed and continued to strike her. She attempted to leave, but appellant grabbed her hair and dragged her through the dirt back to the mobile home. Appellant also kicked Fought in the ribs and tore off her shirt and bra. Appellant shoved Fought back inside where the beating continued. The next morning, Fought awoke and called her mother.[1]
 {¶ 7} Evelyn Schupp testified that when she saw Fought, she had "bruises all over her," both eyes were "black and almost swollen shut" and that Fought walked "bent over, holding her side, because she couldn't hardly breathe." Both Maureen Van Skiver and Carolyn Powell, a friend who saw Fought at the post office, corroborated the injuries.[2] John Koch, M.D., a general surgeon at St. Joseph's hospital, testified that Fought's broken rib punctured her lung and caused a "pneumothorax." If left untreated, the condition is potentially fatal.
 {¶ 8} The defense, however, offered a much different version of the events. Nicole Seitz, appellant's niece, testified that she drove from Akron to see her uncle that night. Shortly before she arrived at the mobile home, she passed a motorcycle in a ditch. As she pulled into her uncle's driveway, the motorcycle and two passengers "flew right past her." The motorcycle then stopped and Fought got off and screamed at appellant "[y]ou tried to kill me on the bike." She then motioned at Seitz and accused appellant of "f — ing" her because he sure was "not doing me" (referring to herself). When appellant informed Fought that Seitz is his niece, Fought screamed "I might be a drunk, but I am not stupid." Seitz testified that Fought then stumbled and fell three or four times as she made her way toward the mobile home. On rebuttal, Fought testified that she had never seen Nicole Seitz before the trial.
 {¶ 9} The jury found appellant guilty on both counts and the trial court ordered a pre-sentence investigation. Appellant failed to appear at the July 15, 2005 sentencing hearing, and approximately two months later, he was apprehended. A new sentencing hearing was conducted on September 9, 2005. The trial court sentenced appellant to serve seven years in prison on the felonious assault charge and four years on the abduction charge, with the sentences to be served concurrently. This appeal followed.
 I {¶ 10} We first proceed, out of order, to appellant's second assignment of error. Appellant argues that the felonious assault jury verdict is against the manifest weight of the evidence. We disagree with appellant.
 {¶ 11} Appellate courts will not generally reverse criminal convictions on manifest weight of the evidence grounds unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Earle (1997),120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v. Garrow
(1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814. The crime of felonious assault occurs when someone causes "serious physical harm" to another. R.C. 2903.11(A)(1). "Serious physical harm" includes, inter alia, the following:
"(b) Any physical harm that carries a substantial risk of death;
(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
* * *
(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5).
 {¶ 12} Appellant asserts the felonious assault verdict is against the manifest weight of the evidence for two reasons. First, appellant argues that the prosecution did not prove that Fought suffered "serious physical harm."[3] We are not persuaded. Fought testified that she suffered severe pain from the broken rib. Dr. Koch confirmed that such injuries can be "quite painful." Dr. Koch also stated that Denise would "definitely have" had a "temporary substantial incapacity" due to the pain of her injury and the difficulty she had breathing. Finally, Dr. Koch confirmed that if left untreated, Fought's pneumothorax could have been fatal. This is sufficient to prove "serious physical harm" under any of the three definitions set forth above.
 {¶ 13} Appellant's second argument is that the verdict is against the manifest weight of the evidence because the evidence showed that Fought was not beaten but, rather, sustained her injuries in a motorcycle accident.
 {¶ 14} The weight to be given evidence, and the credibility to be afforded Seitz's testimony, are issues to be determined by the trier of fact. See State v. Dye (1998), 82 Ohio St.3d 323,329, 695 N.E.2d 763; State v. Frazier (1995),73 Ohio St.3d 323, 339, 652 N.E.2d 1000. The jury, as trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. See State v. Long (1998),127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80, 88. The jury is in a much better position than us to view the witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations to weigh witness testimony credibility. Thus, we do not generally second guess a jury on matters of evidentiary weight and witness credibility. See e.g. State v. Vance, Athens App. No. 03CA27,2004-Ohio-5370, at ¶ 10; State v. Baker (Sep. 4, 2001), Washington App. No. 00CA9.
 {¶ 15} In the case sub judice, the jury obviously believed Fought's version of the events and discounted Seitz's version of the events. We find no error with this decision.[4]
 {¶ 16} For these reasons, we find no merit in appellant's second assignment of error and it is hereby overruled.
 II {¶ 17} We now turn to appellant's first assignment of error. Appellant asserts that the sentences violate his Sixth Amendment right to jury trial as determined by the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296,159 L.Ed.2d 403, 124 S.Ct. 2531. The prosecution agrees that in light of the recent Ohio Supreme Court ruling in State v. Foster (2006), ___ Ohio St.3d ___, ___ N.E.2d ___, 2006-Ohio-856[5] that found parts of Ohio's felony sentencing laws unconstitutional, this matter must be remanded for re-sentencing. We agree and we hereby sustain appellant's first assignment of error.[6]
 {¶ 18} Accordingly, based upon the foregoing reasons we hereby affirm in part, and reverse in part, the trial court's judgment and remand this matter for sentencing.
Judgment Affirmed in Part, Reversed in Part and Case Remanded for Further Proceedings Consistent with This Opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and the case be remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Please Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[1] Although appellant's mother leased the mobile home, she was not present at the time in question. She had recent cataract surgery and stayed with a friend.
[2] The prosecution introduced into evidence photographs that showed Fought's bruises and other injuries. Dylan Evans, the Deputy Sheriff who took the photographs while Fought was in the hospital, testified that she actually looked worse in person than depicted in the photographs.
[3] Although couched as a "manifest weight" argument, this could also be a challenge to the "sufficiency" of the evidence. A distinct difference exists between a "sufficiency" challenge and a "manifest weight" challenge. See State v. Johnson (2000),88 Ohio St.3d 95, 112, 723 N.E.2d 1054; State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541, at paragraph two of the syllabus. Nevertheless, we would reach the same conclusion under either type of challenge.
[4] We also note that when the prosecutor accused Seitz during cross-examination of "making up" her testimony, she responded that this was "speculation, as far as [she was] concerned." This response may also have had an impact on her credibility.
[5] We note that the trial court did not have the benefit of the Foster decision at the time it sentenced appellant.
[6] The State comments in its brief that Foster "means that no specific judicial findings are required to impose either more than the minimum or consecutive sentences." Appellant seizes on this comment in his reply brief and argues that to sentence him to maximum/consecutive terms without findings required by R.C.2929.14(B) and R.C. 2929.14(E)(4) amounts to an unconstitutional ex post facto law. We decline to weigh in on the issue at this point for two reasons. First, that problem is not yet before us and we do not issue advisory opinions. See Plymale v. Wolford,
Jackson App. No. 05CA5, 2005-Ohio-5224, at ¶ 10; State v.Howell (Nov. 17, 1998), Jackson App. No. 97CA824. Second, the prosecution has not had an opportunity to address this issue in written form. The parties may raise this issue on remand and, if warranted, raise it again on appeal.