OPINION
{¶ 1} Appellant argues on appeal that he was improperly sentenced under the principles set forth in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, which determined that certain aspects of Ohio's felony sentencing statutes were unconstitutional. Appellant was convicted in the Mahoning County Court of Common Pleas in 2002 for aggravated robbery and felonious assault. He was sentenced to ten years in prison on the robbery charge and three years for assault, to be served consecutively. Appellant appealed the conviction and sentence, and this case was remanded for resentencing due to deficiencies in the findings and supporting reasons for imposing consecutive sentences. State v.Kapsouris, 7th Dist. No. 02 CA 230, 2005-Ohio-4476. The trial court conducted a resentencing hearing on February 2, 2006, which was three weeks prior to issuance of the Foster decision, and a judgment entry was prepared the same day. The trial court's judgment entry, though, was not filed until March 2, 2006, which was three days after Foster was released. The judgment entry is written as a pre-Foster entry, citing liberally to statutory sections that were deemed unconstitutional underFoster. The state concedes that the sentence does not conform toFoster. The conclusion of Appellant's brief on appeal suggests (without further argument or comment) that the trial court may only impose, at most, a three-year prison term based on due process and ex post facto concerns. Appellee argues that these issues are not ripe for review since it is not yet known what the trial court will do in response to yet another round of resentencing proceedings. Appellee is correct, and the case is hereby remanded for resentencing under Foster.
 {¶ 2} On July 30, 2001, Appellant attacked and robbed Debra Mitchell as she was attempting to deposit $6000 at Key Bank in Austintown. Appellant was convicted in a jury trial on October 25, 2002, of one count of aggravated robbery, a first degree felony under R.C. §2911.01(A)(1), and felonious assault, a second degree felony under R.C. § 2903.11.(A)(2). He was originally sentenced to ten years in prison on the aggravated robbery charge, and three years in prison on the felonious assault charge, to be served consecutively.
 {¶ 3} This Court upheld the conviction but remanded the case for resentencing based on the trial court's failure to follow the dictates of R.C. § 2929.14(E)(4) regarding consecutive sentences.Kapsouris, supra, at ¶ 22.
 {¶ 4} The trial court held a resentencing hearing on February 2, 2006. The trial court imposed the same sentence as originally imposed, and closely tracked the language of R.C. § § 2929.13, 2929.14, and 2929.19, in order to impose maximum and consecutive sentences. The court's judgment entry was prepared on February 2, 2006, but was file-stamped on March 2, 2006.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court released itsFoster decision, which held that Ohio's felony sentencing statutes violated the constitutional right to a have a jury decide all the facts essential to punishment. Foster determined that certain aspects of the felony sentencing statutes required judicial fact-finding, rather than jury fact-finding, in order to impose maximum sentences, consecutive sentences, or sentences above the minimum sentence for first-time offenders. Foster then severed the statutory sections requiring judicial fact-finding, and determined that the remaining portions of the sentencing code gave trial courts full discretion to impose a sentence within the range of sentences allowed by the jury verdict.
 {¶ 6} Appellant filed this timely appeal on March 27, 2006.
 {¶ 7} Appellant's first appeal had been submitted to the Ohio Supreme Court and was accepted for review, but Appellant voluntarily withdrew that appeal on March 14, 2006. 03/14/2006 Case Announcements,2006-Ohio-1152.
 {¶ 8} Appellant's sole assignment of error states:
 {¶ 9} "The trial court denied Mr. Kapsouris due process of law and the right to a jury trial, in violation of the Fifth, Sixth, andFourteenth Amendments to the United States Constitution, by sentencing Mr. Kapsouris to prison based on facts not found by the jury nor admitted by Mr. Kapsouris. (February 2, 2006 Resentencing Hearing pp. 13-15; March 2, 2006 Judgment Entry)."
 {¶ 10} Appellant's argument on appeal is that he received a sentence based on facts that were found by the trial judge and not by the jury, and that this violates the constitutional right to have a jury decide all the facts necessary to impose punishment. This line of reasoning was developed in a series of United States Supreme Court cases, includingApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Ring v. Arizona (2002), 536 U.S. at 602, 122 S.Ct. 2428,153 L.Ed.2d 556; Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621. The Ohio Supreme Court determined inFoster that Ohio's felony sentencing statutes also violated theSixth Amendment because the trial judge, rather than the jury, was required to make certain findings to impose any sentence above the minimum sentence set forth in the sentencing statutes. As a remedy, the Supreme Court severed the statutory provisions requiring judicial fact-finding and retained the remainder of the sentencing code which provided for judicial discretion within the full range of sentences authorized by the jury verdict.
 {¶ 11} Appellee concedes that the March 2, 2006, judgment entry of sentence violates the principles set forth in Blakely andFoster, and agrees that the case should be remanded for resentencing. Appellee argues that, upon remand, the trial court, "shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Foster, supra, at ¶ 105.
 {¶ 12} Appellee further addresses, though, a comment made by Appellant at the very end of his brief on appeal suggesting that the trial court could only impose, at most, a three-year prison term based on due process and ex post facto concerns. Appellant did not explain what he meant by this, and Appellee was left to make an educated guess in response.
 {¶ 13} In Beazell v. Ohio (1925), 269 U.S. 167, 46 S.Ct. 68,70 L.Ed. 216, the United States Supreme Court explained the meaning of ex post facto legislation: "It is settled, by decisions of this court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto." Id. at 169-170, 46 S.Ct. 68, 70 L.Ed. 216.
 {¶ 14} Appellee contends that any issues concerning due process or ex post facto considerations will not be ripe for review until the trial court actually resentences Appellant. At least four appellate districts have also come to this conclusion since Foster was released. State v.Davis, 4th Dist. No. 05CA50, 2006-Ohio-3549; State v. Rady, 11th Dist. No. 2006-L-012, 2006-Ohio-3434; State v. Lathan, 6th Dist. No. L03-1188,2006-Ohio-2490; State v. Sanchez, 3rd Dist. No. 4-05-47, 2006-Ohio-2141. Issues are not typically ripe for review until they have been, "properly tested in a trial setting[.]" State v. Kole (2001), 92 Ohio St.3d 303,308, 750 N.E.2d 148. The trial court has not had an opportunity to resentence Appellant in light of the analysis and holding ofFoster, and any appeal challenging the penalty imposed upon resentencing must wait until the trial court actually imposes the sentence.
 {¶ 15} Appellant filed a reply brief attempting to set forth the arguments regarding ex post facto and due process issues that should have been in the initial brief. Since Appellant did not actually present any argument relating to ex post facto or due process principles in his initial brief, there is a serious impropriety in presenting the primary argument on appeal in a reply brief to which Appellee has no opportunity to respond. One can only hope that the State Public Defender's office, representing Appellant on appeal, will not be making a habit of this approach in future appellate matters. At any rate, Appellant concedes that numerous courts have already ruled that these issues are not ripe for review in Foster cases until after resentencing, and his argument is nothing more than a plea for this Court to simply disregard these rulings and to render a premature advisory opinion. "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14,257 N.E.2d 371. This case is remanded for resentencing underFoster, as acknowledged by both parties on appeal, and any additional premature arguments concerning due process and ex post facto principles will not be considered in this matter.
Donofrio, P.J., concurs in judgment only.
DeGenaro, J., dissents; see dissenting opinion.