OPINION
{¶ 1} Defendant-appellant Berry Ferguson, II, appeals from the trial court's *Page 2 
denial of his post-sentence motion to withdraw his no-contest plea, without a hearing. Ferguson contends that withdrawal of his plea is required to correct a manifest injustice. He asserts as manifest injustice: (1 ) the fact that the Ohio Adult Parole Authority, after his plea, has made adverse changes to its guidelines for granting parole, in violation of the ex post facto clause of Article I, Section 10, of the United States Constitution; and (2) the fact that Ohio has provided no meaningful review for adverse parole determinations of the Ohio Adult Parole Authority.
 {¶ 2} We conclude that even if Ferguson's contentions are valid, they do not provide a proper basis for withdrawing his plea. The matters about which Ferguson complains are not inconsistent with the terms of his plea bargain. They may be valid points of contention for Ferguson to raise in an action against the State of Ohio or the Ohio Adult Parole Authority, but they do not implicate the validity of Ferguson's plea bargain. The proper relief, if either of Ferguson's contentions should ultimately be found to have merit, would be to require the Ohio Adult Parole Authority either to reconsider him for parole, to grant him parole, or to change the manner in which it conducts its business, but not to vacate Ferguson's plea and conviction. State v. Young (August 18, 2000), Greene App. No. 2000 CA 26, approved and followed.
 {¶ 3} Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 4} In 1993, Ferguson was charged by indictment with two counts of Rape. He pled no contest as part of a plea bargain in which the State agreed to recommend concurrent, minimum sentences. At that time, the minimum sentence for Rape was an *Page 3 
indeterminate sentence of from not less than five years, to a maximum of twenty-five years in prison. The trial court imposed concurrent sentences of from five to twenty-five years, the minimum possible sentence, in accordance with the plea bargain.
 {¶ 5} Ferguson was considered for parole in August, 1996, but was denied parole.
 {¶ 6} In 1998, the Ohio Adult Parole Authority established a new, "grid" system for classifying inmates for purposes of determining parole eligibility. As a result, Ferguson's parole was reconsidered in January, 1999. At that time, applying the new system, the Authority concluded that Ferguson should not be considered for parole until he had served 219 months of his term.
 {¶ 7} As a result of Layne v. Ohio Adult Parole Authority (2002), 97 Ohio St.3d 456, 780 N.E.2d 548, the Authority reconsidered the matter of Ferguson's parole, but the result was the same.
 {¶ 8} Ferguson filed the motion to withdraw his plea that is the subject of this appeal in early 2006. The trial court denied his motion, without a hearing. Ferguson appeals from the order of the trial court denying his motion to withdraw his plea.
 {¶ 9} Ferguson filed his own, pro se brief in support of his appeal in March, 2006. His attorney filed a brief on his behalf in August, 2006. Our cursory review of Ferguson's pro se brief indicates that the issues he raises therein are all included within the scope of the issues raised by his attorney in the brief his attorney has filed on his behalf. In any event, it is the settled practice of this court not to allow an appellant to file two briefs, one pro se, and the other from his appellate counsel. Accordingly, we have considered only the brief filed by Ferguson's counsel. *Page 4 
 II {¶ 10} Ferguson's First Assignment of Error is as follows:
 {¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING FERGUSON'S MOTION TO WITHDRAW NO CONTEST PLEA."
 {¶ 12} Ferguson recognizes that because his motion to withdraw his plea was filed after sentencing, he must show, under Crim. R. 32.1, that it is necessary to correct manifest injustice. Ferguson contends that the manifest injustice that will result if he is not allowed to withdraw his plea is: (1) the terms of his plea agreement have been breached; (2) the application by the Ohio Adult Parole Authority of its new, 1998 guidelines violates Ferguson's rights under the ex post facto clause of Article I, Section 10 of the United States Constitution; and (3) the lack of meaningful review of the Parole Authority's adverse decisions with respect to parole.
 {¶ 13} The benefit of the bargain to Ferguson resulting from his 1993 plea bargain, besides avoiding the time, expense, and ordeal of trial, was that the State agreed to recommend the minimum sentence of from five to twenty-five years on each of the two Rape counts, to be served concurrently. He received that benefit.
 {¶ 14} Whatever rights, if any, that Ferguson has: (1) to have the Ohio Adult Parole Authority consider the issue of his parole in accordance with criteria existing at the time of his plea and conviction, rather than in accordance with subsequently adopted criteria more adverse to him; and (2) to have an opportunity of meaningful review from an adverse decision of the Ohio Adult Parole Authority, derive from the ex post facto and *Page 5 
due process clauses of the United States and Ohio constitutions, not from his plea agreement.
 {¶ 15} Ferguson cites Mickens-Thomas v. Vaughn (3rd
Cir., 2002), 321 F.3d 374, 2003 U.S. App. LEXIS 3271, for the proposition that a parole board (in that case the Pennsylvania Parole Board), may not, consistently with the ex post facto clause, make fundamental changes to its policies that are adverse to a person whose sentence has already been imposed. "A Parole Board policy, although partly discretionary, is still subject to ex post facto analysis when there are sufficiently discernible criteria to suggest to a reviewing body that the new retroactive policies are being applied against the offender's interest." 2003 U.S. App. LEXIS 3271, 34.
 {¶ 16} Significantly, the remedy in Mickens-Thomas v. Vaughn, supra, was not to upset the conviction, which the federal court, in habeas corpus, had jurisdiction to do, but to order the matter remanded to the Pennsylvania Parole Board to reconsider the prisoner's parole in accordance with its previous criteria. Id., at 54-55. Thus, even if we were inclined to agree with the holding in that case, which is not binding on us, and find it to be applicable in this case, the proper remedy would not be to upset Ferguson's conviction, but to order the Ohio Adult Parole Authority to reconsider the matter of his parole, using the pre-1998 criteria. That is not a remedy that Ferguson either sought, or could have sought, from the trial court in connection with his motion to withdraw his plea.
 {¶ 17} Likewise, Ferguson's claim that the absence of an opportunity for meaningful review from the Ohio Adult Parole Authority's adverse parole decision is not something that can properly be brought up in the context of a motion to withdraw his plea. This is also a matter that should be brought up in a proper action in which the *Page 6 
Ohio Adult Parole Authority receives notice and an opportunity to be heard.
 {¶ 18} Constitutional or statutory violations by the Ohio Adult Parole Authority are not matters cognizable in a motion to withdraw a plea, any more than they would be cognizable in a motion for a new trial, unless, possibly, the acts or omissions of the Authority contradict the terms of the plea bargain. See State v. Young, supra, which we approve and follow.
 {¶ 19} Although Ferguson contends, generally, that the State has breached its plea agreement with him, he points to no other acts, as constituting a breach of that agreement, besides the alleged constitutional violations by the Ohio Adult Parole Authority. Even if these are, in fact, violations of Ferguson's constitutional rights, they are not breaches of the State's plea agreement with Ferguson. They would constitute independent wrongs, for which independent remedies are provided.
 {¶ 20} Ferguson's First Assignment of Error is overruled.
 III {¶ 21} Ferguson's Second Assignment of Error is as follows:
 {¶ 22} "THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON FERGUSON'S MOTION TO WITHDRAW HIS NO CONTEST PLEA."
 {¶ 23} For the reasons indicated in Part II, above, we conclude that the trial court correctly determined, as matter of law, that even if all of Ferguson's factual allegations are taken as true, he is not entitled to relief. Therefore, an evidentiary hearing would have been superfluous, and was not required. *Page 7 
 {¶ 24} Ferguson's Second Assignment of Error is overruled.
 IV {¶ 25} Both of Ferguson's assignments of error having been overruled, the order of the trial court denying his motion to withdraw his plea is Affirmed.
 BROGAN and VALEN, JJ., concur. *Page 1