OPINION
{¶ 1} Arthur D. Smith appeals from his conviction and sentence following a guilty plea to one count of failing to provide notice of a change of address in violation of R.C. *Page 2 
§ 2950.05(E)(1), a third-degree felony.
 {¶ 2} On September 28, 2006, we sustained Smith's pro se motion for delayed appeal pursuant to App.R. 5(A). He then filed a pro se brief, arguing that the trial court erred in finding him guilty where compliance with the statutory notice provision was not possible. After receiving Smith's pro se brief, we granted him leave to seek appointed counsel. Smith subsequently obtained appointed counsel, who has filed a brief on his behalf. Appointed counsel's only argument is that the trial court sentenced Smith in violation of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. For its part, the State agrees that "the trial court may have erred in sentencing the defendant[.]"
 {¶ 3} Upon review, we find no merit in Smith's pro se brief. As an initial matter, "it is the settled practice of this court not to allow an appellant to file two briefs, one pro se, and the other from his appellate counsel." State v. Ferguson, Miami App. No. 06-CA-11,2007-Ohio-2352. We note too that Smith pled guilty to the charge against him. Therefore, the trial court did not err in finding him guilty.
 {¶ 4} With regard to the Foster issue, appointed counsel argues that Smith's two-year prison sentence, which is more than the statutory minimum, violates Foster because the trial court made impermissible factual findings under R.C. § 2929.14(B). As a result, appointed counsel contends Smith's sentence must be vacated and the cause remanded for resentencing.
 {¶ 5} Upon review, we find the Foster argument to be unpersuasive. InFoster, the Ohio Supreme Court declared R.C. § 2929.14(B) unconstitutional because it required judicial fact-finding in order to impose more than the statutory minimum prison term. Foster,109 Ohio St.3d at 20, 25. The Foster court concluded that R.C. § 2929.14(B) *Page 3 
violated a defendant's right to a jury trial because a judge, rather than a jury, made the mandatory factual findings needed to impose a more-than-minimum sentence. As a result, the Foster court severed R.C. § 2929.14(B) from Ohio's sentencing scheme and excised it from the Revised Code. Id. at 29. The upshot of the Ohio Supreme Court's ruling is that, post-Foster, no findings are required before a judge may impose more than the statutory minimum sentence. A sentencing judge now enjoys "full discretion to impose a prison sentence within the statutory range" without making findings or giving reasons for the sentence selected. Id. at 30.
 {¶ 6} The Ohio Supreme Court decided Foster on February 27, 2006. The trial court held Smith's sentencing hearing approximately one month later on March 29, 2006 and filed a judgment entry imposing his two-year sentence the same day. In its sentencing entry, the trial court stated that it had considered the principles and purposes of sentencing under R.C. § 2929.11, and that it had balanced the seriousness and recidivism factors under R.C. § 2929.12. The trial court also made findings under R.C. § 2929.14(B) that the shortest prison term would demean the seriousness of the defendant's conduct and would not adequately protect the public from future crime.
 {¶ 7} If Smith had been sentenced prior to Foster, the trial court's findings under R.C. § 2929.14(B) undoubtedly would have violated his Sixth Amendment rights. As the Foster court recognized, the constitutional violation stemmed from the fact that R.C. § 2929.14(B)required the trial court to make the findings to impose a more-than-minimum prison term. Foster, 109 Ohio St.3d at syllabus, ¶ 1. After Foster, however, no factual findings are required to be made by anyone — judge or jury — before a trial court may impose a more-than-minimum sentence. Therefore, post-Foster, a trial court *Page 4 
logically cannot violate a defendant's Sixth Amendment rights by making discretionary findings of the type formerly required by R.C. §2929.14(B). Cf. State v. Mitchell, Montgomery App. No. 21597,2007-Ohio-2973 (finding no constitutional violation where the trial court found, in a post-Foster sentencing hearing, that a minimum sentence would not adequately protect the public).
 {¶ 8} In reaching the foregoing conclusion, we are persuaded by Judge DeGenaro's dissent in State v. Kapsouris, Mahoning App. No. 06 MA 47,2006-Ohio-7056, which involved facts similar to those before us. InKapsouris, the trial court filed a post-Foster sentencing entry in which it made findings under R.C. § 2929.14(B) to support a more-than-minimum sentence. Without addressing the fact that the defendant had been sentenced after Foster, the majority found a Foster violation and remanded the case for resentencing. In dissent, Judge DeGenaro argued that judicial fact-finding to support a post-Foster sentence within the statutory range cannot violate a defendant's Sixth Amendment rights. In support of her dissent, which we have chosen to quote at length, she reasoned:
 {¶ 9} "Foster declared some of Ohio's felony sentencing statutes unconstitutional because they mandated that a trial court find certain facts before sentencing a defendant to more than the statutory minimum prison term, which violated the defendant's right to a jury trial. AfterFoster, these statutes are no longer effective, so a trial court cannot violate a defendant's right to a jury trial when explaining the basis for its sentence. Post-Foster, a defendant cannot be harmed when a trial court considers certain facts before sentencing a defendant to more than minimum, concurrent sentences, something the trial court is no longer statutorily required to do. *Page 5 
Since Foster is the only basis for Appellant's appeal, his sentence should be affirmed.
 {¶ 10} "On appeal, Appellant contends that his sentence should be reversed since the trial court relied on statutes which had been declared unconstitutional when sentencing him. At first blush, this argument is persuasive. In its judgment entry, the trial court cites to R.C. 2929.14(B) and (C) and states that it makes findings in accordance with those statutes. R.C. 2929.14(B) required that a trial court make particular findings before sentencing an offender to more than the minimum possible prison term. R.C. 2929.14(C) required that a trial court make different findings before sentencing an offender to the maximum statutory prison sentence. In Foster, the Ohio Supreme Court held that R.C. 2929.14(B) and (C), along with other statutory sections, are unconstitutional and declared those statutory sections void. Thus, the trial court made findings pursuant to an unconstitutional statutory section when it sentenced Appellant.
 {¶ 11} "However, the error committed by the trial court in this case is distinct from the error addressed in Foster. In Foster, the Ohio Supreme Court held that R.C. 2929.14(B) was unconstitutional because it violated the defendant's right to a jury trial. When making this conclusion, the Ohio Supreme Court relied on the decisions inBlakely v. Washington (2004), 542 U.S. 296 and United States v.Booker (2005), 543 U.S. 220. In Blakely, the United States Supreme Court clarified its holding in Apprendi v. New Jersey, 530 U.S. 466, 490, that `[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt,' by defining what the Court meant by the phrase `statutory maximum.' Blakely held that `the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely *Page 6 on the basis of the facts reflected in the jury verdict or admitted bythe defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.' (Emphasis sic) (Citations omitted) Id. at 303-304.
 {¶ 12} "When reaching this conclusion, the United States Supreme Court was careful to clarify that a defendant's right to a jury trial is not violated when a judge finds facts when determining an appropriate sentence; they [sic] only do so when they find facts mandated by statute when determining an appropriate sentence. Id. at 308-309.
 {¶ 13} "`First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial fact-finding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement on the traditional role of a jury is concerned.' (Emphasis sic) Id.
 {¶ 14} "The Court's subsequent decision in Booker further demonstrated that the only thing in this context which violates a defendant's Sixth Amendment right to a jury trial is when a judge is required to find particular facts before increasing a defendant's sentence. That decision dealt with the constitutionality of the federal sentencing structure. The Court determined that trial courts violated defendants' rights when they *Page 7 
sentenced them pursuant to the federal sentencing guidelines. Id. at 243-244. But when fashioning a remedy to this constitutional violation, the Court simply made those guidelines advisory, rather than mandatory. Id. at 245-246. Thus, the United States Supreme Court has clearly held that judges are allowed to find facts at sentencing. They just cannot be legislatively mandated to find a particular fact in order to increase an offender's sentence.
 {¶ 15} "The Ohio Supreme Court recognized this distinction inFoster. Although the Ohio Supreme Court held that the statutes, such as R.C. 2929.14(B) and (C), which mandated that certain findings were to be made, were unconstitutional, it held that other statutes, such as R.C.2929.12, which only required that a trial court `consider' certain factors at sentencing, passed constitutional muster. Id. at ¶ 42. In other words, both the United States and Ohio Supreme Courts have recognized that judges must make factual findings when making appropriate sentencing decisions. These courts merely held that judicial fact-findings [sic] violates a defendant's right to a jury trial when statutes mandate that a trial court find certain facts in order to increase an offender's sentence beyond that authorized solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.
 {¶ 16} "In this case, Appellant cannot claim a constitutional error because he was not sentenced until after Foster was decided. * * *
 {¶ 17} "After Foster, there are no statutory limits on the facts a trial court can use to determine whether to give a minimum prison sentence, more than the minimum prison sentence, maximum prison sentences, or consecutive prison sentences. A judge can use any fact it wants to determine the sentence it will impose on a particular *Page 8 
offender without violating that offender's right to a jury trial, the right protected by Blakely, Booker, and Foster. Instead, the only error Appellant can claim is that the trial court erred when considering an inoperative statute at sentencing.
 {¶ 18} "The difference between a constitutional error and a non-constitutional error is significant. A court faced with a constitutional error can only be considered harmless if the appellate court can `declare a belief that it was harmless beyond a reasonable doubt.' Chapman v. California (1967), 386 U.S. 18, 24. In contrast, non-constitutional errors are only reversible when they `affect substantial rights,' a much lower standard. Crim.R. 52(A); State v.Brown, 65 Ohio St.3d 483, 485, 1992-Ohio-0061. A party's substantial rights are not automatically affected merely because a trial court relies on a statute which is no longer operable when reaching a judgment. See In re Day, 01 BA 28, 2003-Ohio-1215. In such a case, this court must determine whether the error is harmless before reversing the trial court's decision. Id. at ¶ 13-16. Accordingly, before we can reverse Appellant's sentence, it must first determine whether the error has affected Appellant's substantial rights.
 {¶ 19} "In this case, it does not appear that the trial court's citation to R.C. 2929.14(B) or (C) has actually harmed Appellant in any way. There are no longer any limits on a trial court's ability to sentence an offender to more than the minimum possible statutory prison term. However, the trial court placed such a limit on itself by making certain findings before sentencing Appellant to more than the minimum sentence and maximum sentences. These voluntary limits only benefitted Appellant.
 {¶ 20} "Furthermore, while there is nothing requiring that the trial court make that particular finding, there is nothing preventing the trial court from making a particular *Page 9 
finding either. It would be perfectly acceptable, post-Foster, for a trial court to find that `the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others,' the findings formerly required by R.C. 2929.14(B) in most cases, when sentencing an offender because that finding is no longer required by statute. Likewise, there is nothing preventing a court from sentencing an offender to the maximum sentence because he committed `the worst form of the offense,' a finding formerly required by R.C. 2929.14(C). This conclusion should not change merely because the trial court cites to the former statute when making this finding.
 {¶ 21} "One could reasonably ask how this court could conclude that the error in this case is harmless, while the same action takenpre-Foster would result in reversal. The difference appears to be in how courts judge prejudice in cases involving constitutional error and how they judge prejudice in cases involving non-constitutional error. In the former, such as with Blakely and Foster, prejudice is presumed and an error is only harmless if it is harmless beyond a reasonable doubt. In contrast, the defendant must demonstrate prejudice in the latter set of cases, such as this one. Thus, a finding of harmless error in this case is not inconsistent with the decisions in Blakely and Foster since prejudice in this case is measured differently then prejudice in those cases.
 {¶ 22} "We should not reverse Appellant's sentence just because the trial court cited to R.C. 2929.14(B) after that statute had been declared unconstitutional. Since Foster severed the statutory sections which caused the violation of the right to a jury trial, the trial court was no longer capable of violating that right when sentencing Appellant and could consider any factor it wished to give Appellant any authorized *Page 10 
sentence within the statutory range. It chose to consider the factors formerly required by R.C. 2929.14(B) and (C). There is nothing in either a statute or rule prohibiting the trial court from considering these factors, which had formerly been required by statute. Furthermore, the consideration of these factors actually benefitted Appellant since they made the trial court consider giving the minimum term.
 {¶ 23} "For these reasons, the arguments in Appellant's sole assignment of error are meritless. The trial court erred when it relied on a statute which the Ohio Supreme Court had declared unconstitutional. However, this error did not affect Appellant's substantial rights. * * *." Kapsouris, at ¶ 16-31 (DeGenaro, J., dissenting).
 {¶ 24} We agree with Judge DeGenaro's reasoning in Kapsouris and find it equally applicable herein. After Foster, the trial court was free to sentence Smith to two years in prison without finding that the shortest term would demean the seriousness of his conduct or that it would not adequately protect the public from future crime. The fact that the trial court required itself to make these unnecessary findings under a statute that no longer applies cannot have violated Smith's Sixth Amendment rights. Moreover, the rule of Foster does not prohibit a trial court from making any particular findings it desires. As explained above,Foster stands for the proposition that a trial court, as opposed to a jury, cannot be required to make certain findings in order to impose more than the statutory minimum sentence. Finally, while we agree that the trial court erred in citing a section of the statute that has been declared unconstitutional and severed in its entirety (seeFoster, 109 Ohio St.3d at 25, 29), the error was harmless because the act of making unnecessary findings under R.C. § 2929.14(B) did not prejudice Smith. Accordingly, we overrule the assignment of error and affirm the judgment of the Greene *Page 11 
County Common Pleas Court.
 WOLFF and GRADY, JJ., concur. *Page 1