[Cite as *State v. Wilcox*, 2014-Ohio-1068.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-477 |
| v. | : | (C.P.C. No. 04CR-03-1872) |
| Toby D. Wilcox, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 20, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Toby D. Wilcox*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}  Defendant-appellant, Toby D. Wilcox, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate his sentence and convictions for lack of subject-matter jurisdiction.  For the following reasons, we affirm that judgment.

## I.  Factual and Procedural Background

{¶ 2}  On March 22, 2004, a Franklin County Grand Jury indicted appellant with six counts of aggravated murder with death penalty specifications, and counts of attempted aggravated murder, kidnapping, aggravated burglary and aggravated robbery.  Appellant entered a not guilty plea to the charges and proceeded to trial.  After a jury trial, appellant was found guilty of all counts and received a sentence of, in essence, life without

parole. This court affirmed his convictions. *State v. Wilcox*, 10th Dist. No. 05AP-972, 2006-Ohio-6777.

{¶ 3} On February 27, 2013, appellant filed his motion to vacate sentence and conviction for lack of subject-matter jurisdiction. In it, he argued that the trial court never possessed subject-matter jurisdiction because the indictment issued by the grand jury in his case did not comply with the requirement found in Crim.R. 6(G) that a grand jury may not serve for more than nine months. Appellant claimed that the grand jury that indicted him began its term on May 9, 2003 but did not return his indictment until March 22, 2004, a span of time more than nine months long. He also claimed that the indictment failed to allege the underlying or predicate offense of kidnapping that he was to have committed for one of his counts of aggravated murder.

{¶ 4} The trial court denied appellant's motion, concluding that the May 9, 2003 date on his indictment was a clerical error, and that the grand jury term actually began on January 9, 2004, less than nine months before the filing of his indictment. The trial court also concluded that the indictment did allege the underlying or predicate offense of kidnapping for the one count of aggravated murder.

## II. The Appeal

{¶ 5} Appellant appeals and assigns the following error:

> Defendant['s] conviction and or sentence should be vacated for lack of subject matter jurisdiction.

### A. Municipal Court Procedures

{¶ 6} Appellant first argues that his case was mishandled in the municipal court before his indictment in the common pleas court. Appellant did not present this argument to the trial court. An appellant's failure to raise an issue before the trial court forfeits the right to raise that issue on appeal. *State v. Westerfield*, 10th Dist. No. 13AP-286, 2013-Ohio-4216, ¶ 7, citing *State v. VanHoose,* 4th Dist. No. 07CA765, 2008-Ohio-1122, ¶ 18. Because appellant failed to present this argument in support of his motion to vacate, he has forfeited it, and we need not consider it here for the first time. *State v. Parsley,* 10th Dist. No. 09AP-612, 2010-Ohio-1689, ¶ 18.

**B. Appellant's Indictment**

{¶ 7}  Appellant also argues that the trial court lacked subject-matter jurisdiction because his indictment did not comply with Crim.R. 6(G) and because it failed to allege the underlying or predicate offense for one of his counts of aggravated murder.  We disagree.

{¶ 8}  Crim.R. 6(G) provides that:

> A grand jury shall serve until discharged by the court. A grand jury may serve for four months, but the court upon a showing of good cause by the prosecuting attorney may order a grand jury to serve more than four months but not more than nine months. The tenure and powers of a grand jury are not affected by the beginning or expiration of a term of court.

{¶ 9}  The rule does provide for a nine-month limit on grand jury service.  *See State ex rel. Scott v. Wilson*, 11th Dist. No. 2003-T-0054, 2003-Ohio-4105, ¶ 11. Appellant, however, does not provide any support for the proposition that an indictment returned by a grand jury whose term lasts longer than that deprives the trial court of subject-matter jurisdiction over the indictment.

{¶ 10} Nevertheless, it appears that appellant's grand jury did serve less than nine months.  On its face, appellant's indictment was filed more than nine months after the indictment's stated grand jury term began on May 9, 2003.  However, the state presented compelling evidence to the trial court which demonstrates that the stated grand jury term in appellant's indictment was an error.  The grand jury that indicted appellant did not begin its term on May 9, 2003 but, instead, began its term on January 9, 2004.  This date is within nine months of the filing of appellant's indictment.

{¶ 11} Appellant's indictment was filed under case No. 04CR-03-1872.  The state submitted the indictments filed just before and after his indictment in case Nos. 04CR-03-1871 and 04CR-03-1873.  These indictments, as well as appellant's, were all filed on the same day and appear to be signed by the same foreperson.  Both of the other indictments state that the grand jury term began on January 9, 2004.  Additionally, the state presented a copy of the indictment filed against appellant's accomplice almost a year earlier. The grand jury that returned that indictment began its term on May 9, 2003, the

date on appellant's indictment. The foreperson that signed the accomplice's indictment is not the same as the one that signed appellant's indictment.

{¶ 12} Based on this evidence, it appears that the substance of appellant's indictment was copied from his accomplice's indictment and that the beginning date of the grand jury term for appellant's indictment was not changed to indicate the new grand jury term. In light of this clerical error,[1] we conclude that appellant's indictment was returned by a grand jury that had not served longer than nine months and in compliance with Crim.R. 6(G). Therefore, the trial court properly rejected this argument.

{¶ 13} Lastly, appellant's indictment clearly sets forth the underlying or predicate offense of kidnapping for one of the counts of aggravated murder. Thus, this argument is not well-taken.

## III. Conclusion

{¶ 14} Having found no error in the trial court's decision to deny appellant's motion, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

---

[1] Such a clerical error, had it been properly and timely brought to the trial court's attention, could have simply been fixed by an amendment to the indictment because it would not have impacted the name, identity, or nature of the offenses charged. Crim.R. 7(D); *Columbus v. Cordova*, 10th Dist. No. 11AP-602, 2012-Ohio-1812, ¶ 10; *State v. Williams*, 10th Dist. No. 08AP-719, 2009-Ohio-3237, ¶ 12.