DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Matthew Harris has appealed from the judgment of the Lorain County Court of Common Pleas which denied his motion to vacate. This Court affirms.
 I {¶ 2} In 2001, Appellant was convicted of rape and adjudicated a sexual predator. This Court affirmed that conviction and adjudication. See State v. Harris (Aug. 1, 2001), 9th Dist. No. 00CA007691. Following that appeal, Appellant filed numerous motions in the trial court, including motions to correct illegal sentences, motions for post-conviction relief, and motions requesting grand *Page 2 
jury transcripts. On February 16, 2007, Appellant filed a motion seeking to vacate his sexual predator designation. In his motion, Appellant asserted that the trial court failed to comply with the notice provision of R.C. 2950.09(B)(1) when it adjudicated him a sexual predator. On February 22, 2007, the trial court denied Appellant's motion. Appellant has timely appealed that order, raising two assignments of error for review. For ease of analysis, we have consolidated Appellant's assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE VOID JUDGMENT."
 Assignment of Error Number Two "THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE APPELLANT THE MANDATORY NOTICE UNDER O.R.C. § 2950.09(B)(1), THEREBY, VIOLATING APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, §§ 2 AND 16 OF THE OHIO CONSTITUTION."
 {¶ 3} In both of his assignments of error, Appellant has asserted that the trial court wrongly denied his motion to vacate judgment that labeled him a sexual predator. We disagree.
 {¶ 4} Appellant's challenge is barred by res judicata. *Page 3 
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
In 2001, Appellant appealed from his conviction and adjudication as a sexual predator. In that appeal, this Court affirmed the trial court's determination that Appellant was a sexual predator. See Harris, supra, at *4-5. Appellant could have raised the issue of notice during that proceeding, but he did not. Consequently, res judicata bars Appellant from raising the issue in a later proceeding.
 {¶ 5} Appellant has attempted to avoid this result by asserting that the trial court's failure to comply with the notice provision of R.C.2950.09(B)(1) somehow voids his adjudication. Appellant has supplied no law in support of this contention. Moreover, when the Ohio Supreme Court has reviewed the failure to provide notice under this section under the civil plain error standard, it has effectively found that such only causes the trial court's judgment to be voidable, not void. SeeState v. Gowdy (2000), 88 Ohio St.3d 387, 398-99. See, also, State v.Wheeler, 10th Dist. Nos. 03AP-832, 03AP-833, 2004-Ohio-4891, at ¶ 12
(noting that "the Supreme Court in Gowdy declined to state that failure to give notice of the sexual offender classification hearing would constitute reversible error under all circumstances."). *Page 4 
 {¶ 6} Consequently, Appellant's challenge in the trial court was barred by res judicata. The trial court, therefore, did not err in denying his motion to vacate. Appellant's assignments of error lack merit.
 III {¶ 7} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 5 
Costs taxed to Appellant.
 SLABY, P. J., MOORE, J. CONCUR *Page 1