DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Barnett W. Glover, defendant below and appellant herein, pled guilty to two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) (B)(3). Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY SENTENCING MR. GLOVER TO A NON-MINIMUM PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. GLOVER." *Page 2 
 SECOND ASSIGNMENT OF ERROR:
 "TRIAL COUNSEL SHOULD HAVE OBJECTED TO THE IMPOSITION OF CONSECUTIVE PRISON TERMS AGAINST MR. GLOVER."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY CONSIDERING THE `PSYCHOLOGICAL HARM' TO THE VICTIM AS A FACTOR JUSTIFYING THE IMPOSITION OF CONSECUTIVE PRISON TERMS AGAINST MR. GLOVER."
 {¶ 2} During the summer of 2006, appellant engaged in oral sex and vaginal intercourse with his girlfriend's thirteen year old half-sister. The incidents remained undetected until January 2007, when appellant was jailed on an unrelated offense and made telephone calls to the victim. During his conversations he referred to the previous summer's sexual encounters.
 {¶ 3} At his arraignment, appellant pled guilty to two counts of unlawful sexual contact with a minor. The trial court accepted appellant's pleas and found him guilty. At sentencing, the court heard from the victim's mother who detailed the harm appellant had caused to her family. At the conclusion of the proceedings, the court sentenced appellant to serve four years on each count and ordered that the sentences be served consecutively. This appeal followed.
 I {¶ 4} In his first assignment of error, appellant asserts that the trial court imposed non-minimum prison sentences based on facts neither found by a jury nor admitted by him during the trial court proceedings. Appellant cites sentencing entry language in which the court found that the offenses are more "serious" because of (1) *Page 3 
the victim's age, (2) his relationship to the victim and to her family and (3) the psychological harm inflicted on the victim and her family. Appellant argues that these findings amount to judicial fact-finding ruled unconstitutional by the United States Supreme Court inBlakely v. Washington (2004), 542 U.S. 296, 159 L.Ed .2d 403,124 S.Ct. 2531. We disagree.
 {¶ 5} The factors the trial court cited in its entry come directly from the general sentencing guidelines. See R.C. 2929.12(B)(1),(2) 
(6).[1] Here, the trial court simply weighed those factors, as it must do before it imposes any sentence. In State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856, the Ohio Supreme Court drew a distinction between general guidance statutes (R.C. 2929.12) and fact-finding statutes (R.C. 2929.14(B) (C) or R.C. 2929.19(B)(2)). General guidance statutes provide factors to "consider" and provide no "mandate for judicial fact-finding" as did the prior statutes that the Court struck down as unconstitutional. 2006-Ohio-856, at ¶ 42. Therefore, statutory general guidance factors are permissible. State v. Smith, Greene App. No. 06-CA-88, 2007-Ohio-4096, at ¶ 15; State v. Leonard, Cuyahoga App. No. 88299, 2007-Ohio-3745, at ¶ 32; State v. Goff, Summit App. No. 23292, 2007-Ohio-2735, at ¶ 65.
 {¶ 6} Thus, in the case sub judice, we believe that the trial court's findings in the sentencing entry are not the result of unconstitutional fact-finding. We also point out that since Foster, trial courts have the discretion to sentence defendants within the allowable statutory range.2006-Ohio-856, at paragraph seven of the syllabus. R.C. *Page 4 2929.12 provides guidance on how to exercise that discretion. The statute, however, neither controls a trial court's discretion nor does it run afoul of the Sixth Amendment by requiring a set sentence to be imposed if a particular finding is made.
 {¶ 7} Appellant also advances other arguments to support his assignment of error. To the extent that he claims that the imposition of non-minimum sentences is an impermissible ex post facto law afterFoster, we have rejected that argument on numerous occasions. SeeState v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 6;State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12;State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected it as well. See State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v.Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v.Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23. Appellant cites nothing to prompt us to re-visit our decisions and we adhere toBruce, Henry and Grimes.
 {¶ 8} Appellant also cites Cunningham v. California (2007), 549 U.S.,127 S.Ct. 856, 166 L.Ed.2d 856, for the proposition that severance of the unconstitutional provisions of Ohio's felony sentencing statutes does not cure its infirmities. We, however, have previously addressedCunningham. See State v. Beck, Washington App. No. 07CA5, 2007-Ohio-. We determined in Beck that California's sentencing law allowed judicial fact-finding, whereas Ohio law does not. Id. at ¶ __.
 {¶ 9} For these reasons, we find no merit in appellant's first assignment of error and it is hereby overruled.
 II {¶ 10} Appellant asserts in his second assignment of error that his trial counsel *Page 5 
gave him constitutionally ineffective assistance because he failed to challenge the legality of the non-minimum sentences. We disagree.
 {¶ 11} Under appellant's first assignment of error, we determined that appellant's claim that the trial court engaged in unconstitutional fact-finding is without merit. Thus, if no merit exists to appellant's underlying claim of error, no prejudice results from the failure to raise that error at the trial court level. Hence, appellant's claim of constitutionally ineffective assistance does not lie. See e.g.State v. Scott, Pickaway App. No. 07CA5, 2007-Ohio-3543, at ¶ 6;State v. Henthorn, Washington App. No. 06CA62, 2007-Ohio-2960, at ¶¶15-16; State v. Thompson, Washington App. Nos. 06CA43 06CA50,2007-Ohio-2724, at ¶ 9.
 {¶ 12} Accordingly, appellant's second assignment of error is thus without merit and is hereby overruled.
 III {¶ 13} Appellant's third assignment of error challenges the trial court's finding that the victim suffered "psychological harm." Appellant claims that no evidence in the record supports such a finding. We disagree.
 {¶ 14} At sentencing, the victim's mother stated that her daughter "lost her childhood innocence, and also, emotionally." The victim's mother also explained the relationship between the victim and her sister (appellant's girlfriend) would "never, ever be the same." In State v.Hardie, Washington App. No. 04CA21, 2004-Ohio-7278, at ¶ 17 we found similar parental testimony sufficient to support a finding of "potential psychological harm." We likewise believe that testimony of this sort is sufficient to support a determination of psychological harm. We also noted in Hardie that sexual *Page 6 
relationships between adults and children are inherently problematic. Id. In the case sub judice, we note that appellant was thirty-one (31) years of age and the victim thirteen (13) when the sexual conduct occurred. Appellant was also the paramour of the victim's sister and ade facto member of the family. In view of the facts and circumstances of this case, we do not believe that the trial court's conclusion that the sexual relationship was psychologically harmful to the victim is erroneous.
 {¶ 15} Finally, we also note that the trial court found other seriousness factors from R.C. 2929.12(B) present as well. Thus, any arguable error in determining that the victim suffered psychological harm is harmless. Crim.R. 52(A). See State v. Hunger, Lake App. No. 2005-L-127, 2006-Ohio-6533, at ¶ 28, fn. 4.
 {¶ 16} For these reasons, we hereby overrule appellant's third assignment of error.
 {¶ 17} Having reviewed all errors assigned and argued by appellant in his brief, and finding merit in none, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period. *Page 7 
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J.: Concurs in Judgment Opinion
Kline, J.: Concurs in Judgment Opinion as to Assignments of Error I II; Concurs in Judgment Only as to Assignment of Error III
[1] R.C. 2929.12(B) simply provides a non-exhaustive list of factors for a trial court to "consider" in determining whether the offense is more serious than "conduct normally constituting the offense." *Page 1