[Cite as *State v. Glover*, 2012-Ohio-6006.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   12CA7 |
| vs. | : | |
| BARNETT W. GLOVER, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

APPELLANT PRO SE:        Barnett W. Glover, #547-148, P.O. Box 5500, Chillicothe, Ohio
                         45601   Pro Se

COUNSEL FOR APPELLEE:    James E. Schneider, Washington County Prosecuting
                         Attorney, and Alison L. Cauthorn, Washington County
                         Assistant Prosecuting Attorney, 205 Putnam Street,
                         Marietta, Ohio 45750
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-10-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Washington County Common Pleas Court judgment that

overruled a motion "to vacate void sentence" filed by Barnett W. Glover, movant below and

appellant herein.   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE IMPOSED ERRONEOUS JUDGMENT, IS VOID [AS]
CONTRARY TO LAW[.]"

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURTS" [sic] JUDGMENT IS VOID, AS CONTRARY TO LAW, WHERE THE JUDGMENT IS A SUBSTITUTE FOR THAT WHICH IS REQUIRED BY THE LAW."

THIRD ASSIGNMENT OF ERROR:

"THE INCOMPETENT ASSISTANCE OF TRIAL COUNSEL, RESULTED IN THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL[.]"

**{¶ 2}**   Appellant pled guilty in 2007 to two counts of unlawful sexual contact with a minor.   The trial court (1) sentenced him to serve consecutive four year prison terms on each count; and (2) adjudicated him a "sexually oriented offender."   We affirmed the trial court's judgment.   *State v. Glover*, 4th Dist. No. 07CA17, 2007-Ohio-5868 (*Glover I*).

**{¶ 3}**   Appellant commenced the instant proceeding on November 23, 2011 with his motion to "vacate void judgment and order new sentencing hearing."   Specifically, appellant claimed that the trial court failed to give him notice of the sexual offender classification hearing as the law requires.   The appellee did not respond, but on January 4, 2012 the trial court denied the motion on grounds that (1) appellant was, in fact, given notice, and (2) appellant waived any deficiency of such notice by neither objecting at the time of the sentencing hearing nor raising it on appeal in *Glover I*.   This appeal followed.

I

**{¶ 4}**   Appellant's first two assignments of error assert that his 2007 sentencing entry is void.   That, however, is not the judgment currently before us for review.   This appeal has been taken from the trial court's January 4, 2012 judgment that overruled his motion.   Thus, this is the judgment to which we confine our review.   Therefore, the question is whether the trial ruled correctly.   We conclude that it did.

**{¶ 5}**   The version of R.C. 2950.09 in effect at the time of appellant's sentence required the trial court, inter alia, to give "notice of the date, time, and location of the hearing." Id. at (B)(1)(b)(2).[1]   Appellant claims that the precise notices were not given to him, whereas the trial court claims that they were.[2]

**{¶ 6}**   Fortunately, we need not resolve this conflict.   Even assuming, arguendo, that the trial court failed to comply with the statutory notice requirements, that issue should have been raised on appeal in *Glover I*.   Any issue that could have been raised, but was not, in a first appeal of right is barred from being raised at a later date.   *State v. Beach*, 4th Dist. No. 11CA4, 2012-Ohio-1630, at ¶5; *State v. Davis*, 4th Dist. No. 10CA9, 2010–Ohio–5294, at ¶41; *State v. Hobbs*, 4th Dist. No. 09CA1, 2009–Ohio–7065, at ¶5.   Again, no error was raised in *Glover I* about a failure to comply with R.C. 2950.09.   Thus, appellant cannot now raise the issue.

**{¶ 7}**   Appellant attempts to circumvent the application of res judicata and asserts that the trial court's failure to follow the statute renders his sentence void and that a void entry may be vacated at any time.   Appellant, however, cites no authority to support his premise that the trial court's failure to give notice renders the sentence void.   Indeed, the Lorain County Court of Appeals rejected this argument several years ago and held that any failure to give notice under that statute made the judgment voidable, rather than void.   Thus, res judicata barred consideration if the issue had not been raised on direct appeal.[3] See *State v. Harris*, 9th Dist. No.

---

[1]   The statute was repealed in its entirety effective January of 2008. See Am.Sub.S.B. 10, 2007 Ohio Laws File 10.

[2]   The State takes no position on this issue in its brief and relies, instead, on waiver and res judicata.

[3]   Some may argue that our application of the doctrine of res judicata in this case may run afoul of the reasoning of Ohio Supreme Court's rulings in *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and *State v. Jordan*, 104

07CA009130, 2007-Ohio-4915, at ¶5. We agree with *Harris*.

**{¶ 8}** For these reasons, we hereby overrule appellant's first and second assignments of error.

## II

**{¶ 9}** Appellant asserts in his third assignment of error that he received ineffective assistance from trial counsel in 2007. We reject this argument for several reasons. First, appellant did not raise this argument in his motion and we do not consider issues raised for the first time on appeal. See e.g. *State v. Musser*, 4th Dist. No. 08CA3077, 2009-Ohio-4979, at ¶6; *State v. Stephens*, 4th Dist. No. 08CA776, 2009-Ohio-750, at ¶7; *State v. Jones*, 4th Dist. No. 04CA9, 2005-Ohio-768, at ¶18. Second, appellant raised the issue of ineffective assistance of counsel in *Glover I,* 2007-Ohio-5868 at ¶¶10-12. We rejected it then and res judicata bars him from attempting to re-argue it here. See, generally, *State ex rel. Harsh v. Sheets*, ___Ohio St.3d ___, 2012-Ohio-236, ___N.E.2d ___ at ¶1 (doctrine of res judicata bars successive appellate review of the same claims) Additionally, even though appellant's ineffective assistance of

---

Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864.    With respect, however, we conclude that this point is unpersuasive. *Fischer* and *Jordan* both held the judgments were "void" (rather than "voidable") when a trial court fails to give proper notice of post-release control.    The Ohio Supreme Court has since walked-back this ruling a bit, in *Fischer,* supra at paragraph four of the syllabus, by saying that only the portion of the judgment that does not comply with statutory notice is void, not the remainder of the judgment.    This prompted the Ashtabula County Court of Appeals to quip that the Ohio Supreme Court has wrought upon us an entirely "new legal concept: the doctrine of partial voidness." *State v. Turner*, 11th Dist. Nos. 2010–A–0034, 2010–A–0039 & 2010–A–0040, 2011-Ohio-2993, at ¶16.    Because a void judgment may be challenged at any time – theoretically, even decades after a conviction – the holdings in *Fischer* and *Jordan* could, if applied broadly, lead to a finding    of partial voidness of any judgment rendered in Ohio when a trial court has made even the slightest of statutory missteps.    Given that these cases cast the distinction between "void" and "voidable" in a new light, and because of their potential to unsettle judgments once thought settled, (as in this case), we decline to apply *Fischer* and *Jordan* outside the narrow statutory confines under which they were decided, unless and until we receive further instruction to do so.    Thus, because this case involves the application of R.C. 2950.09 rather than the notice of post-release control, we are reluctant to apply in this case the Court's reasoning in *Fischer* and *Jordan*.

counsel claim in *Glover I* did not raise the particular issue that he raises here, res judicata

nevertheless bars it from our consideration now because appellant could have raised that issue on

direct appeal.    Thus, we hereby overrule appellant's third assignment of error.

{¶ 10} Having considered all of the errors appellant assigned and argued, we hereby

affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs

herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington

County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

McFarland, J.: Concurs in Judgment & Opinion
Harsha, J.: Dissents

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.