[Cite as *State v. Westerfield*, 2013-Ohio-4216.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-286 |
| v. | : | (C.P.C. No. 06CR-08-5723) |
| Eric R. Westerfield, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 26, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Eric R. Westerfield*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Eric R. Westerfield, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion to Vacate Registration and Classification." For the following reasons, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} In 2007, a jury found appellant guilty of one count of the rape of a victim less then ten years of age. The trial court sentenced him to life in prison and classified him as a sexual predator. On appeal, appellant alleged that the trial court improperly allowed the state to amend his indictment, that he received the ineffective assistance of counsel, and that his conviction was against the manifest weight of the evidence. This

court rejected appellant's arguments and affirmed his conviction and sentence. *State v. Westerfield*, 10th Dist. No. 07AP-1072, 2008-Ohio-4458.

{¶ 3}  Subsequently, on January 30, 2013, appellant filed in the trial court a "Motion to Vacate Registration and Classification."  In the motion, appellant argued that his sentence should be vacated and that he should be resentenced under the version of Ohio's sexual predator law in effect at the time he committed his offense.  The state opposed the motion, arguing in part that appellant had been sentenced under the version of Ohio's sexual predator laws in effect at the time he committed his offense.  The trial court summarily denied appellant's motion.

## II.  The Appeal

{¶ 4}  Appellant appeals and assigns the following error:

> Whether the trial court abused its discretion in failing to uphold the tenets of Chapter 2950.

{¶ 5}  In his assignment of error, appellant argues that the trial court did not comply with former R.C. 2950.09(B)(2) because it failed to provide him with notice of the sexual predator classification hearing that was held at the time of his sentencing in 2007. We reject this argument for two reasons.

{¶ 6}  First, res judicata bars the argument from being presented here.  Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal.  *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 5; *State v. Szefcyk,* 77 Ohio St.3d 93, 96 (1996).  Appellant could have but did not argue that the trial court failed to comply with R.C. 2950.09 in his direct appeal. Having failed to do so, res judicata now bars him from asserting the argument here.  *State v. Glover*, 4th Dist. No. 12CA7, 2012-Ohio-6006, ¶ 6; *State v. Harris*, 9th Dist. No. 07CA009130, 2007-Ohio-4915, ¶ 4.

{¶ 7}  Second, appellant did not make this argument to the trial court in his "Motion to Vacate Registration and Classification."  An appellant's failure to raise an issue before the trial court forfeits the right to raise that issue on appeal. *State v. Vanhoose,* 4th Dist. No. 07CA765, 2008-Ohio-1122, ¶ 18; *State v. Atchley*, 10th Dist. No. 07AP-412,

2007-Ohio-7009, ¶ 8-9. Because appellant failed to present this argument in support of his motion to vacate, he has forfeited it, and we need not consider it here for the first time. *State v. Parsley*, 10th Dist. No. 09AP-612, 2010-Ohio-1689, ¶ 18.[1]

### III. Conclusion

{¶ 8}   For these reasons, the trial court did not err by denying appellant's "Motion to Vacate Registration and Classification." Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____

[1] Even if we could address the merits of appellant's argument, we note the trial court's "Criminal Case Processing Sheet," dated November 9, 2007, indicates that the trial court informed the appellant of the sexual predator hearing scheduled for November 30, 2007, the date of his sentencing.