[Cite as *State v. Graham*, 2014-Ohio-1785.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 5-13-31

    v.

NATHAN A. GRAHAM,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 1999 CR 00025

**Judgment Affirmed**

**Date of Decision: April 28, 2014**

APPEARANCES:

    *Nathan A. Graham*, Appellant

    *Mark C. Miller* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Nathan Graham brings this appeal from the judgment of the Common Pleas Court in Hancock County, Ohio, denying his Motion for Final Appealable Order. For the reasons that follow, we affirm the trial court's judgment.

{¶2} The procedural facts relevant to this appeal are as follows. On November 22, 2000, Graham was sentenced to an aggregate term of fifty-five years in prison for, inter alia, rape, in violation of R.C. 2907.02—a sexually oriented offense. (R. at 389; *See* R.C. 2950.01.) Graham timely appealed his sentence on January 3, 2001, on the basis that he was not properly warned of the consequences of his waiver of counsel at trial and that his motion to suppress was improperly denied. We affirmed. *See State v. Graham*, 3d Dist. Hancock No. 5-01-01, 2001 WL 1516582. Since then, Graham has filed multiple other motions and appeals.

{¶3} Recently, we remanded Graham's case to the trial court for resentencing due to the trial court's failure to properly impose postrelease control. *State v. Graham*, 3d Dist. Hancock No. 5-12-02, 2013-Ohio-218. As a result, Graham was resentenced on July 31, 2013. The July 31, 2013, Judgment Entry only addressed the requirement that Graham be notified about the postrelease

control. (R. at 559.) In all other respects, the original sentencing entry from November 22, 2000, is relevant to this appeal.

{¶4} On the date of his resentencing hearing, on July 31, 2013, Graham filed his Motion for Final Appealable Order, in which he argued that his sentence was void because the trial court failed to conduct a hearing to determine whether he was a sexual predator pursuant to R.C. 2929.19(A)(2) and 2950.09(B), and failed to inform him of his duty to register as a sexually oriented offender pursuant to R.C. 2929.13(I), as effective at the time of his sentencing. (R. at 549.) He demanded that the trial court hold a hearing and issue a new sentencing entry accordingly, in order to "give the defendant a final appealable order." (*Id.*)

{¶5} The trial court denied Graham's motion. The trial court recognized that no hearing was conducted to determine whether Graham was a sexually oriented offender or a sexual predator. (R. at 558.) It held, however, that failure to conduct such a hearing did not render the sentence void. (*Id.*) Likewise, the trial court held that the failure to provide Graham with "the mandatory reporting notices regarding sexually oriented offenders at the time of sentencing" did not render his sentence void and that Graham's argument is barred by res judicata. (*Id.* at 2.)

{¶6} Graham appeals raising two assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**A TRIAL COURT ABUSES ITS DISCRETION IN DENYING A DEFENDANT'S MOTION FOR FINAL APPEALABLE ORDER IN THIS MATTER FOR NOT COMPLYING WITH THE MANDATORY STATUTORY LANGUAGE AS SET FORTH IN R.C. 2929.13(I), R.C. 2929.19(A)(2) AND R.C. 2950.09 (UNDER THE LAW IN EFFECT AT THE TIME DEFENDANT COMMITTED THE OFFENSE)**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY FAILING TO FOLLOW THE MANDATORY LANGUAGE AND THE LEGISLATIVE INTENT OF HOUSE BILL 180**

{¶7} Although Graham separates his arguments into two assignments of error, he raises the same issues in both. In essence, in his discussion of the first assignment of error Graham alleges that the trial court erred when it failed to conduct a hearing to determine whether he was a sexual predator, failed to advise him about the duty to register, and further erred by denying his Motion for Final Appealable Order, which requested a remedy for the alleged violation. In his discussion of the second assignment of error Graham alleges that the trial court erred by failing to follow H.B. 180, which mandated the hearing and the notification about the duty to register. For the clarity of analysis, this opinion separately addresses the issue of final appealable order in discussion of the first assignment of error, and the issues related to the trial court's alleged failure to follow the statutory requirements in discussion of the second assignment of error.

### *First Assignment of Error*

**{¶8}** The first assignment of error alleges that the trial court erred by denying Graham's Motion for Final Appealable Order, which requested a remedy for the purported failures to comply with mandatory statutory requirements. Graham's reasoning in claiming that his sentence was not a final appealable order appears to be similar to the one of the defendant in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 38:

> Fischer's theory is that because the trial court did not properly apply postrelease-control sanctions, his sentence was void under *Bezak*. Because his sentence was void, he contends, there was no sentence, and without a sentence, no conviction and no final order. See *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182 ("a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty" [emphasis sic]); *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus (to be a final, appealable order, a judgment of conviction must include the sentence). In Fischer's view, the absence of a conviction means the absence of a final, appealable order, and the absence of such an order deprived the court of appeals of its jurisdiction over the initial appeal, thereby rendering that appeal invalid. The argument, though creative, fails.

**{¶9}** In a similar fashion, Graham claims that the trial court in this case did not properly follow the mandatory statutory language and his sentence was void, resulting in a lack of final appealable order.  He reasons that he is not able to "appeal a finding that the court refused to make."  (App't Br. at 4.)  We follow the Ohio Supreme Court's reasoning in *Fischer* and reject Graham's assertion.

> Nothing in *Baker* discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth "the sentence" in addition to the other necessary aspects of the judgment. The judgment in this case did set forth the sentence. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is "contrary to law." Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable.

*Fischer*, 2010-Ohio-6238, at ¶ 39.

**{¶10}** Because a void sentence does not render the resulting judgment entry "nonfinal," Graham's request for a final appealable order was properly denied. Furthermore, although he is not able to appeal a finding the trial court has not made, he may appeal (and is currently appealing) the trial court's failure to make a finding. The first assignment of error is thus overruled.

**{¶11}** Nevertheless, in so far as Graham's motion requested resentencing, the analysis of the second assignment of error applies.

### *Second Assignment of Error*

**{¶12}** Under the second assignment of error Graham alleges that the trial court erred by failing to follow H.B. 180, which mandated the hearing and the notification requirements. He demands that the trial court "hold a hearing in accordance with R.C. 2929.13(I), R.C. 2929.19(A)(2) and R.C. 2950.09" and incorporate "registration requirements into its original sentence." (App't Br. at 7, 15.)

**{¶13}** The trial court held that Graham's arguments are barred by res judicata. Res judicata would require denial of Graham's claims because

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. Nevertheless, res judicata does not apply to a void judgment. *See Fischer*, 2010-Ohio-6238, at ¶ 30. Therefore, Graham based his request for resentencing, filed almost thirteen years after his sentencing and after his direct appeal, upon a premise that the trial court's failure to follow the statutory requirements made the resulting sentence void. (App't Br. at 5.)

**{¶14}** In his brief, Graham quotes *Beasley* for the proposition that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), *superseded by statute on other grounds as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. But the quoted language from *Beasley* does not apply to Graham's reasoning because it concerns a situation where the trial court disregarded a statute that mandated a specified prison term and failed to impose any prison term upon the defendant. *Id.*

at 75. "In doing so the trial court exceeded its authority" and the resulting sentence was void. *Id.*

{¶15} As the Ohio Supreme Court later explained,

The crux of our debate arises from the fact that *in the normal course, sentencing errors are not jurisdictional and do not render a judgment void*. Rather, void sentences are typically those in which a court lacked subject-matter jurisdiction over the defendant.

But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: *a sentence that is not in accordance with statutorily mandated terms is void.*

Although our case law on void judgments was rooted in cases in which courts lacked subject-matter jurisdiction, it evolved beyond those roots over the years. By the time we decided *Beasley,* it had developed into the principle that "[a]ny attempt by a court to disregard statutory requirements * * * renders the attempted sentence a nullity or void."

(Emphasis added.) (Citations omitted.) *Fischer*, 2010-Ohio-6238, at ¶¶ 7-9, citing *Beasley*, 14 Ohio St.3d at 75. The Ohio Supreme Court further affirmed that the rule requiring voiding a sentence where "a trial court fails to impose a sentence in accordance with statutorily mandated terms," is a "a narrow exception to the general rule that sentencing errors are not jurisdictional." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 7. *Beasley*, therefore, stands for a proposition that a sentence is void if it imposes a sentence different than the one mandated by the statute. In other respects, sentencing errors remain "not jurisdictional." Here, there are no allegations that the trial court imposed a

sentence different than the one mandated by statute. Therefore, the holding of *Beasley* does not operate to void Graham's sentence.

{¶16} Other appellate courts addressing the issue of allegedly defective sentencing based on violations of R.C. 2950 came to similar conclusions. For example, the Fourth District Court of Appeals recognized and followed the holding of the Ninth District Court of Appeals that any failure to follow a provision of the statute made the judgment voidable, rather than void.[1] *State v. Glover*, 4th Dist. Washington No. 12CA7, 2012-Ohio-6006, ¶ 7, quoting *State v. Harris*, 9th Dist. Lorain No. 07CA009130, 2007-Ohio-4915, ¶ 5. *See also Harris*, 2007-Ohio-4915, at ¶ 5 (rejecting a defendant's argument "that the trial court's failure to comply with the notice provision of R.C. 2950.09(B)(1) somehow voids his adjudication," and citing the Ohio Supreme Court's decision in *State v. Gowdy*, 88 Ohio St.3d 387, 398-399, 727 N.E.2d 579 (2000), where the trial court's failure to follow R.C. 2950.09(B)(1), was found to "only cause[] the trial court's judgment to be voidable, not void").

{¶17} Graham further relies on a line of cases holding that a sentence is void for failure to include a notification about the postrelease control and urges us to hold that his sentence is void for failure to include a notification about his duty

---

[1] That case concerned a provision of the statute requiring notice of the sexual offender classification hearing. *Glover*, 2012-Ohio-6006, ¶ 3. The reasoning of *Glover* applies to the case before us with respect to the issue that failure to follow all the statutorily-mandated procedures does not necessarily render a judgment void.

to register as a sexually oriented offender. *See, e.g.*, *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *superseded by statute on other grounds as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶¶ 18-19. But unlike with the criminal nature of post-release control, the trial court's failure to notify Graham about the civil nature of the registration requirement of R.C. 2950, as of the time of Graham's sentencing, did not render his sentence void. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶¶ 10-16 (recognizing that the statutory scheme for the classification and registration of sex offenders codified in R.C. 2950 was remedial rather than punitive in nature prior to the enactment of S.B. 10 in 2007); *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 4 ("*Cook* holds that the scheme provided for in R.C. Chapter 2950 is civil, not punitive, in nature. *Williams* reaffirms that principle."), citing *State v. Cook*, 83 Ohio St.3d 404, 422, 700 N.E.2d 570 (1998), *and State v. Williams*, 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (2000).

{¶18} The Ohio Supreme Court refused to hold that a judgment is void for failure to inform an offender about mandatory court costs because "[t]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *State*

*v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 21. Similarly, as a remedial rather than a punitive sanction, the registration requirement "does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *Id.*; *cf. State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶¶ 11, 14 (citing *Joseph* and distinguishing it from a case involving a mandatory driver's license suspension, which is a criminal sanction, "akin to postrelease control").

{¶19} Accordingly, Graham's sentence is not void and his allegations regarding the trial court's sentencing errors, brought to the attention of the trial court almost thirteen years after his sentencing and after his direct appeal, are barred by res judicata.[2] Several appellate courts arrived at similar holdings where a defendant who was represented by counsel failed to raise the issue of the trial court's failure to comply with statutory requirements of R.C. 2950.09 in his or her direct appeal. *See State v. Westerfield*, 10th Dist. Franklin No. 13AP-286, 2013-Ohio-4216, ¶ 6, citing *Glover*, 4th Dist. Washington No. 12CA7, 2012-Ohio-6006, ¶ 6, *and Harris*, 9th Dist. Lorain No. 07CA009130, 2007-Ohio-4915, ¶ 4.

{¶20} The second assignment of error is thus overruled.

---

[2] We further note that Graham was not prejudiced by the trial court's failure to conduct a hearing required by R.C. 2950.09 "to determine whether the offender is a sexual predator," because he was not classified as a sexual predator.

*Conclusion*

**{¶21}** Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant, in the particulars assigned and argued. The judgment of the Common Pleas Court in Hancock County, Ohio is thereby affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**