[Cite as *State v. Ali*, 2014-Ohio-4478.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101129**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## OSIRIS ALI

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-465969-A

**BEFORE:** Jones, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 9, 2014

**FOR APPELLANT**

Osiris Ali
#503-171
P.O. Box 8000
Lake Erie Correctional Institution
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Osiris Ali, pro se, appeals from the trial court's March 2014 judgment entry denying his motion for a final, appealable order and/or resentencing. We affirm.

I. Facts and Procedural History

{¶2} In 2005, Ali was indicted on 79 counts of sexually-oriented offenses allegedly committed against two minor victims over a three-year period. The case proceeded to a bench trial, at the conclusion of which the trial court found Ali guilty of 20 of the 79 counts, including several counts of rape of a person under 13 years of age with force specifications.

{¶3} The trial court held a hearing on Ali's sexual classification, after which it issued a judgment entry, stating in part the following:

> This court finds that the defendant is not likely to engage in one or more sexually oriented offenses in the future. It is hereby ordered and adjudged that the defendant is not a sexual predator * * *. The court further finds the defendant is not a habitual sexual offender. Pursuant to R.C. 2950.01(O) the defendant is classified as an aggravated sexually oriented offender, and that an explanation of the registration, notification and verification requirements was provided to the defendant. The determination is a final appealable order. Appeal rights given.

{¶4} The trial court sentenced Ali to a life sentence. Ali appealed, and this court affirmed the convictions and sentence. *State v. Ali*, 8th Dist. Cuyahoga No. 88147, 2007-Ohio-3776.[1] Ali filed several postconviction motions, including one to vacate the

---

[1]We note that it is incorrectly stated in Ali's first appeal that he was labeled a sexual predator. *See id.* at ¶ 4.

sentence based on failure to advise of postrelease control that the trial court held a hearing on. At the December 2011 hearing, Ali was advised of postrelease control. The remaining motions were denied.

{¶5} Beginning in February 2011, Ali filed numerous other postconviction motions in the trial court and appeals in this court; his trial court motions were denied and this court either affirmed the trial court or dismissed his appeals.[2] The latest of his trial court filings, a motion for a final, appealable order and/or resentencing, was denied and gives rise to this appeal.

## II. Law and Analysis

{¶6} Ali's sole assignment of error reads:

Appellant was denied due process (Ohio Const. Article I, Section 16 and U.S. Const. Amend. XIV) when the trial court failed to substantially comply with the requirements of R.C. 2950.09(B)(1)(a) by failing to journalize its findings.

{¶7} We discern two challenges made by Ali in this appeal: (1) that the trial court failed to journalize the explanation of the registration, notification, and verification requirements of being an aggravated sexually oriented offender; and (2) because there was no proper journalization, "there was no final appealable order and, nothing precluded the successor judge from carrying out its duty to journalize defendant's sexual predator

---

[2] *See State v. Ali*, 8th Dist. Cuyahoga No. 96465, motion nos. 442375 and 443276 (Mar. 31, 2011); *State v. Ali*, 8th Dist. Cuyahoga No. 97612, 2012-Ohio-2510; *State v. Ali*, 8th Dist. Cuyahoga No. 99062, 2013-Ohio-2696; *State v. Ali*, 8th Dist. Cuyahoga No. 100593, motion no. 469648 (Nov. 15, 2013); *State v. Ali*, 8th Dist. Cuyahoga No. 100730, motion no. 470576 (Dec. 19, 2013); and *State v. Ali*, 8th Dist. Cuyahoga No. 100809, motion no. 471545 (Jan. 17, 2014).

classification made by the original trial judge." For the reasons that follow, we find Ali's contentions to be without merit.

{¶8} The April 2006 judgment entry that addressed Ali's status as an aggravated sexually oriented offender specifically stated that the "determination is a final appealable order" and that "appeal rights given." Ali appealed, and any issue with the trial court's determination that he was an aggravated sexually oriented offender should have been raised then. They are now barred under the doctrine of res judicata.[3]

{¶9} Further, we are also not persuaded by Ali's contention that he is entitled to a new sentencing hearing because his sentence is void. The Third Appellate District recently addressed a similar challenge. Rejecting the challenge, the court held as follows:

> * * * the trial court's failure to notify [the defendant] about the civil nature of the registration requirement of R.C. 2950, as of the time of [his] sentencing, did not render his sentence void. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 10-16 (recognizing that the statutory scheme for the classification and registration of sex offenders codified in R.C. 2950 was remedial rather than punitive in nature prior to the enactment of S.B. 10 in 2007) * * *
>
> * * * as a remedial rather than a punitive sanction, the registration requirement 'does not create the taint on the criminal sentence that the

---

[3]The doctrine of res judicata provides that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

failure to inform of postrelease control does.'  [*State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 21.] * * *

Accordingly, [the defendant's] sentence is not void and his allegations regarding the trial court's sentencing errors, brought to the attention of the trial court almost thirteen years after his sentencing and after his direct appeal, are barred by res judicata.  Several appellate courts arrived at similar holdings where a defendant who was represented by counsel failed to raise the issue of the trial court's failure to comply with statutory requirements of R.C. 2950.09 in his or her direct appeal.  *See State v. Westerfield*, 10th Dist. Franklin No. 13AP-286, 2013-Ohio-4216, ¶ 6, citing [*State v.*] *Glover*, 4th Dist. Washington No. 12 CA7, 2010-Ohio-6006, ¶ 6, and [*State v.*] *Harris*, 9th Dist. Lorain No. 07CA009130, 2007-Ohio-4915, ¶ 4.

(Footnotes omitted.)  *State v. Graham*, 3d Dist. Hancock No. 5-13-31, 2014-Ohio-1785, ¶ 17-19.

{¶10} In light of the above, the trial court  properly denied Ali's motion for a final, appealable order and/or resentencing.   His sole assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR