[Cite as *State v. Westerfield*, 2016-Ohio-4633.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-85 |
| v. | : | (C.P.C. No. 06CR-5723) |
| Eric R. Westerfield, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Eric R. Westerfield*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Eric R. Westerfield, appeals the January 19, 2016 judgment entry of the Franklin County Court of Common Pleas denying his motion for a new trial. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} As we have reviewed this matter in two prior appeals, we shall limit our discussion of the factual and procedural history of this case to that which is relevant to the instant appeal. *See State v. Westerfield*, 10th Dist. No. 07AP-1072, 2008-Ohio-4458 ("*Westerfield I*"); *State v. Westerfield*, 10th Dist. No. 13AP-286, 2013-Ohio-4216 ("*Westerfield II*").

{¶ 3} In 2007, a jury found appellant guilty of one count of rape of a victim less than ten years of age, in violation of R.C. 2907.02. The trial court sentenced appellant to

life in prison and classified him as a sexual predator. *Westerfield I* at ¶ 12. On appeal, appellant alleged that the trial court improperly allowed the state to amend his indictment, that he received ineffective assistance of counsel, and that his conviction was against the manifest weight of the evidence. We rejected appellant's arguments and affirmed his conviction and sentence. *Id.* at ¶ 41.

{¶ 4}   In 2013, appellant filed in the trial court a "Motion to Vacate Registration and Classification." *Westerfield II* at ¶ 3. In his motion, appellant argued that his sentence should be vacated and that he should be resentenced under the version of Ohio's sexual predator law in effect at the time he committed the offense. The trial court denied appellant's motion. On appeal, appellant alleged that the trial court failed to comply with former R.C. 2950.09(B)(2) because it failed to provide him notice of the sexual predator classification hearing that was held at the time of his sentencing in 2007. We rejected appellant's arguments and affirmed the trial court's denial of his motion. *Id.* at ¶ 8.

{¶ 5}   On November 12, 2015, appellant filed a motion for a new trial pursuant to Crim.R. 33. On November 27, 2015, plaintiff-appellee, State of Ohio, filed a memorandum contra appellant's motion for a new trial, arguing that appellant's motion was untimely and filed without leave of court. On January 19, 2016, the trial court filed a judgment entry denying appellant's November 12, 2015 motion.

## II.  Assignments of Error

{¶ 6}   Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The trial court committed prejudicial error in withholding credible evidence.
>
> [II.] Appellant was denied effective assistance of counsel.

As appellant's assignments of error are interrelated, we address them together.

## III.  Discussion

{¶ 7}   In his first assignment of error, appellant asserts that prejudicial error occurred due to the withholding of exculpatory evidence. In his second assignment of error, appellant asserts that he was denied effective assistance of counsel.

{¶ 8}   We apply an abuse of discretion standard when reviewing a trial court's decision on a motion for a new trial under Crim.R. 33. *State v. Anderson*, 10th Dist. No.

12AP-133, 2012-Ohio-4733, ¶ 9, citing *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518. The abuse of discretion standard of review also applies when reviewing a motion for leave to file a delayed motion for a new trial under Crim.R. 33(B). *Townsend* at ¶ 8, citing *State v. Pinkerman*, 88 Ohio App.3d 158, 160 (4th Dist.1993). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.)  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9}   Here, appellant premised his motion for a new trial on newly discovered evidence under Crim.R. 33(A)(6). Crim.R. 33(A) provides in pertinent part:

> A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> * * *
>
> (6)  When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 10} Crim.R. 33(B) provides in pertinent part:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Thus, pursuant to Crim.R. 33(B), a defendant must complete a two-step procedure when attempting to file a motion for a new trial outside of the 120-day deadline. " 'In the first step, the defendant must demonstrate that he was unavoidably prevented from discovering the evidence relied upon to support the motion for new trial.' " *State v. Howard*, 10th Dist. No. 15AP-161, 2016-Ohio-504, ¶ 48, quoting *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13. "In the second step, if the defendant does establish unavoidable prevention by clear and convincing evidence, the defendant must file the motion for new trial within seven days from the trial court's order finding unavoidable prevention." *Id.*, citing *Bethel* at ¶ 13, citing *State v. Woodward*, 10th Dist. No. 08AP-1015, 2009-Ohio-4213.

{¶ 11} "A defendant demonstrates he was unavoidably prevented from discovering the new evidence within the 120-day time period for filing a motion for new trial when the defendant 'had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence.' " *Id.* at ¶ 49, quoting *Bethel* at ¶ 13, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. "Clear and convincing proof that the defendant was 'unavoidably prevented' from filing 'requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.' " *State v. Lee*, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 9, quoting *State v. Mathis*, 134 Ohio App.3d 77, 79 (1st Dist.1999). "The standard of 'clear and convincing evidence' is defined as that measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Townsend* at ¶ 7, citing *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 12} In addition to demonstrating that he or she was unavoidably prevented from discovering the new evidence relied on to support the motion for a new trial, the defendant must show that he or she filed a motion for leave within a reasonable time after discovering the evidence relied on to support the motion for a new trial. *Woodward* at ¶ 15, citing *Berry* at ¶ 37. If there exists a significant delay, the trial court must determine

whether the delay was reasonable under the circumstances or whether the defendant has adequately explained the reason for the delay. *Id.*, citing *Berry* at ¶ 37.

{¶ 13} In order to warrant the granting of a motion for a new trial in a criminal case based on newly discovered evidence, the defendant must demonstrate that the new evidence: " '(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.' " *Berry* at ¶ 21, quoting *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.

{¶ 14} Here, the jury rendered its verdict on November 9, 2007. Appellant filed his motion for a new trial more than 8 years later on November 12, 2015. Therefore, since appellant sought a new trial under Crim.R. 33 outside of the 120-day deadline for new evidence, he was required to file a motion for leave demonstrating by clear and convincing evidence that he was unavoidably prevented from discovering the evidence relied on to support the motion for new trial. Crim.R. 33(B); *Howard* at ¶ 48. Appellant, however, did not seek leave to file his motion for a new trial and did not provide any evidence demonstrating that he was unavoidably prevented from discovering the new evidence alleged in his motion. Therefore, we find that the trial court did not abuse its discretion in concluding that appellant failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from filing a motion for a new trial within the timeframe contemplated by Crim.R. 33(B).

{¶ 15} Furthermore, appellant appears to argue on appeal that the state withheld exculpatory evidence and that his trial counsel was ineffective. However, as appellant failed to argue such issues in his motion before the trial court, he has forfeited any right to raise them on appeal.[1] *Westerfield II* at ¶ 7, citing *State v. Parsley*, 10th Dist. No. 09AP-612, 2010-Ohio-1689, ¶ 18.

---

[1] In his motion for a new trial, appellant alleged simply: "Defendant has discovered that there are juvenile records of the alleged victim that will sustain and confirm his ongoing defense of innocence in the case sub judice. Reasonable jurists would concur that the alleged victim has duplicated the charges as set forth in the Franklin Juvenile Court against multiple parties.

Wherefore, the mitigating factors herein, Defendant respectfully requests this Court to issue a writ and subpoena the Franklin County Juvenile Court records to obtain the evidence of actual innocence in this instant matter." (Emphasis omitted.) (Nov. 12, 2015 Mot.)

{¶ 16}  Accordingly, we overrule appellant's first and second assignments of error.

## IV.  Conclusion

{¶ 17} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

————————————